IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| RAYMOND R. HENDERSON, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00600 |
| ) | |
| LABOR FINDERS OF VIRGINIA, INC., et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINTS

Defendant, Labor Finders of Virginia, Inc. ("Defendant"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaints with prejudice. As set forth herein, Plaintiff has failed to state any claim against Defendant upon which relief can be granted.

## INTRODUCTION

In addition to this lawsuit, Plaintiff has filed at least three other lawsuits in this Court (against a total of 24 defendants) making similar allegations to those he makes against the thirteen named defendants in this matter. See Exhibit 1 (Complaints filed by Plaintiff in Civil Action Nos. 3:11-cv-00865-JRS; 3:11-cv-00866-JRS; and 3:12-cv-244-HEH). Each of these cases was subsequently dismissed by this Court.

Plaintiff initially filed a one-page Complaint against fourteen named defendants on September 19, 2012. Two months later, on November 19, 2012, Plaintiff filed a seventy-two page First Amended Complaint, and most recently Plaintiff filed an eighty-page Second Amended Complaint on December 3, 2012 (hereinafter the First Amended Complaint and the Second

20173/2/6109042v1

Amended Complaint will be collectively referred to as the "Amended Complaints"). In the Amended Complaints, Plaintiff attempts to allege six different claims against the Defendant, namely (i) Harassment (Second Amended Complaint, Count I); (ii) Hostile Work Environment (Second Amended Complaint, Count II); (iii) Defamation (Second Amended Complaint, Count IV); (iv) Invasion of Privacy (Second Amended Complaint, Count VII); (v) Intentional Infliction of Emotional Distress (Second Amended Complaint, Count VIII); and (vi) Negligence (Second Amended Complaint, Count IX).

For the reasons described herein, this Court should dismiss all of Plaintiff's claims against Defendant because Plaintiff has failed to state any claim against Defendant upon which relief can be granted.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted where a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief."). Such facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Frances v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation

marks omitted) (citing Bell Atl. Corp., 550 U.S. at 557). Additionally, "conclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted." Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (affirming dismissal of complaint).

## ARGUMENT

**Plaintiff's Complaint Must Be Dismissed Because Plaintiff Failed To Plead Any Claims Against Defendant Upon Which Relief May Be Granted.**

The allegations in Plaintiff's Amended Complaints fail to state any plausible cause of action against Defendant upon which relief may be granted. Plaintiff only makes conclusory allegations against Defendant and fails to specify any factual statements that would actually support such blanket allegations. Rather, Plaintiff alleges that he was "subjected to attacks on his good name and reputation and attacks on his sex" and that one of Defendant's employees observed various isolated "incident[s]" and responded with "silence and indifference." (Second Amended Complaint, ¶¶ 133, 137, 147, 150.3, 172, 177, 186.1, and 177). Notably, Plaintiff makes the exact same blanket allegations (without asserting any reasonable factual bases) against the other twelve defendants. These generalized conclusory allegations are insufficient to state a plausible claim against Defendant under even the most liberal pleading standards.

Aside from alleging the basic elements of each cause of action and generally accusing Defendant of such conduct, Plaintiff provides no specific facts to which Defendant can respond. Plaintiff fails to state any claim against Defendant upon which relief may be granted under any theory of recovery, and Plaintiff's Amended Complaints should be dismissed.

20173/2/6109042v1

### A. Plaintiff Fails to State a Harassment Claim Against Defendant Upon Which Relief May be Granted.

Plaintiff purports to allege a claim under Title VII of the Civil Rights Act of 1967 ("Title VII") for harassment, but Plaintiff fails to allege any facts that would establish any plausible claim under Title VII. Plaintiff fails to include any allegations that give rise to a possible discrimination or harassment claim upon which relief can be granted.

Title VII makes it unlawful for an employer

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...

42 U.S.C. § 2000e-2. To make out a *prima facie* case for employment discrimination, Plaintiff must show that (i) he is a member of a protected class; (ii) he suffered an adverse employment action; (iii) he was performing satisfactorily at the time of the adverse action; and (iv) similarly situated employees outside the protected class received more favorable treatment. Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004).

Plaintiff does not allege any facts to support that he is a member of a protected class. Rather, Plaintiff makes blanket statements that numerous defendants "participated in discriminatory behaviors and actions against [him] in the workplace based on his sex." and the only supporting factual allegations he makes reference his sexual orientation. (Second Amended Complaint, ¶ 209). A discrimination claim based on sexual orientation is not an actionable claim under Title VII. See Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 751-52 (4th Cir. 1996) ("Title VII does not prohibit conduct based on the employee's sexual orientation...Such conduct is aimed at the employee's sexual orientation and not at the fact that the employee is a man or a woman.").

Likewise, Plaintiff fails to allege any facts to support that he suffered an adverse employment action or that he was performing satisfactorily at the time of the adverse action.

Plaintiff has failed to plead <u>any</u> facts to support his blanket statements that Defendant discriminated against or harassed him based on his sex or that he is entitled to any relief. Therefore, Plaintiff failed to plead sufficient facts to state a plausible discrimination or harassment claim under Title VII.

Finally, to the extent that Plaintiff's references to his mental stability or instability can be construed as a claim for discrimination or harassment based on a disability, such a claim is not actionable under Title VII. See <u>Crow v. McElroy Coal Co.</u>, 290 F. Supp. 2d 693, 695 (N.D. W. Va. 2003) *aff'd*, 77 F. Appx. 649 (4th Cir. 2003) (affirming that a disability is not a protected class under Title VII).

### B. Plaintiff Fails to State a Hostile Work Environment Claim Against Defendant Upon Which Relief May be Granted.

Plaintiff also purports to allege a hostile work environment claim under Title VII, but Plaintiff fails to include any allegations that give rise to a possible hostile work environment claim upon which relief can be granted.

In order to succeed on a hostile work environment claim, Plaintiff must prove that: (i) the harassment was because of his sex; (ii) the harassment was unwelcome; (iii) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (iv) some basis exists for imputing liability to the Defendant. <u>Glover v. Oppleman</u>, 178 F. Supp. 2d 622 (W.D. Va. 2001). Establishing the third element requires that Plaintiff show that the work environment was not only subjectively hostile, but objectively so. <u>Bonds v. Leavitt</u>, 629 F.3d 369, 385 (4th Cir. 2011). Such proof depends on the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. <u>Id</u>. (affirming dismissal of hostile work environment claim). Normally, petty slights, minor

5

annoyances and simple lack of good manners will not give rise to a hostile work environment claim. Id. (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)).

Again, Plaintiff has failed to allege any facts to support a plausible claim for harassment or that the alleged harassment was sufficiently severe or pervasive to create an abusive working environment or actual facts to support that he is entitled to any relief. Rather, Plaintiff merely alleges isolated events when he was "subjected to attacks on his good name and reputation" and Defendant's Branch Manager and Assistant Branch Manager responded with "silence and indifference." (Second Amended Complaint, ¶¶ 133, 137, 147, 150.3, 172, 177, 186.1, and 187). Additionally, Plaintiff alleges that there were a few instances when he overheard co-workers calling him names, and Plaintiff suggests that one of Defendant's clients required Plaintiff to have a "chaperon" at a job site, but again Plaintiff fails to state a plausible claim as to how these isolated events were sufficiently severe or pervasive to create an abusive working environment. (Second Amended Complaint, ¶¶ 135, 137, 147, 150.3, 178.1, 181.1, 195.1 and 202). As a result, Plaintiff has failed to plead sufficient facts to state a plausible a hostile work environment claim under Title VII and his claim should be dismissed.

### C. Plaintiff Fails to State a Defamation Claim Against Defendant Upon Which Relief May be Granted and any Defamation Claim Against Defendant Is Barred by the Applicable Statute of Limitations.

In the event that the Court finds that Plaintiff's blanket conclusory allegations adequately plead a defamation claim against Defendant, such claim is barred by the applicable statute of limitations under Virginia law. A defamation claim must be brought within one year after the cause of action accrues. Va. Code § 8.01-247.1. Aside from the fact that Plaintiff does not allege sufficient facts to plead a defamation claim against Defendant, the only allegations that Plaintiff does make against Defendant relate to actions that supposedly occurred between April 20, 2010 and

6

July 26, 2011. Plaintiff did not file a complaint alleging a defamation claim until December 3, 2012 (more than four months after the applicable statute of limitations period had ended). Therefore, Plaintiff's defamation claim against Defendant should be dismissed as untimely. See Snyder v. Home Depot U.S.A., Inc., 2011 U.S. Dist. LEXIS 104203 at *5-6 (W.D. Va. Sept. 14, 2011) (dismissing defamation claim as untimely).

### D. Plaintiff's Invasion of Privacy Claim Against Defendant Fails Because It is Not a Recognized Cause of Action in Virginia.

Virginia courts have never recognized a common-law tort of invasion of privacy. See Bellotte v. Edwards, 388 Fed. Appx. 334 (4th Cir. 2010). Rather, Virginia law recognizes only a limited cause of action for invasion of privacy when a defendant uses the name or picture of a plaintiff without authorization. See Va. Code § 8.01-40. Plaintiff does not allege that Defendant used the name or picture of him without authorization. Therefore, Plaintiff's invasion of privacy claim against Defendant fails because Virginia courts do not recognize such a claim, and therefore Plaintiff's invasion of privacy claim should be dismissed.

### E. Plaintiff Fails to State an Intentional Infliction of Emotional Distress Claim Against Defendant Upon Which Relief May be Granted.

Under Virginia law, the tort of intentional infliction of emotional distress requires that a plaintiff prove (i) that the wrongdoer's conduct was intentional or reckless; (ii) that the conduct was outrageous and intolerable; (iii) that there was a causal connection between the wrongdoer's conduct and the emotional distress; and (iv) that the emotional distress was severe. See Harris v. Kreutzer, 271 Va. 188 (2006). Because of the risks inherent in torts where injury to the mind or emotions is claimed, such torts are not favored in the law. Mason v. Wyeth, Inc., 183 Fed. Appx. 353 (4th Cir. 2006) (citing Ruth v. Fletcher, 237 Va. 366, 377 (1989). Indeed, in establishing the

requisite outrageousness of the conduct, it is not enough to show that the defendant acted with an intent which is tortious or even criminal. Id. Rather, liability may only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded at atrocious, and utterly intolerable in a civilized community. Id. (affirming summary judgment for defendant because "inappropriate" conduct such as pinching, poking, making hissing noises and placing a toy rat where the plaintiff would encounter it fell short of outrageous and atrocious behavior necessary to pursue a claim for intentional infliction of emotional distress).

Plaintiff alleges only isolated events involving the Defendant's Branch Manager (Mary Ellerman) and Assistant Branch Manager (Cheryl Allen) and one or more (unnamed) employees of Defendant. These isolated events consist of Plaintiff overhearing co-workers calling him names or making assumptions about him and/or Ms. Ellerman or Ms. Allen responding with "silence and indifference" to inappropriate comments. (Second Amended Complaint, ¶¶ 137, 147, 150.3, 150.4, 151.1, 153, 154, 155, 172, 177, 186.1 and 187). Notably, Plaintiff's own allegations are contradictory. In Count VIII (Intentional Infliction of Emotional Distress) of Plaintiff's Second Amended Complaint, Plaintiff claims that the Defendant's "silence, misrepresentations, indifference and intolerance towards the attacks on [his] health, peace of mind and comfort were intentional." (Second Amended Complaint, ¶ 261). Yet, in Count IX (Negligence) of Plaintiff's Second Amended Complaint, Plaintiff admits that Defendant's "silence, misrepresentations, indifference and tolerance towards the wrongful acts against [him] which he was subjected to by [Defendant] were **not** intentional." (Second Amended Complaint, ¶ 268) (emphasis added). Clearly, Plaintiff is grasping at straws and making unfounded allegations against Defendant.

Not only does Plaintiff fail to allege sufficient facts to state a plausible claim for intentional infliction of emotional distress against Defendant, Plaintiff fails to plead any facts to support any of

8

the required elements. Similar to the Mason case, the alleged actions by unnamed employees of Defendant and the alleged inaction or "silence and indifference" by Ms. Ellerman or Ms. Allen do not rise anywhere close to the level of outrageous and atrocious behavior necessary for Plaintiff to pursue a claim for intentional infliction of emotional distress. Therefore, Plaintiff's intentional infliction of emotional distress claim against Defendant should be dismissed.

### F. Plaintiff Fails to State a Negligence Claim Against Defendant Upon Which Relief May be Granted.

Under Virginia law, the elements of a negligence cause of action are (i) a legal duty on the part of the defendant; (ii) breach of that duty; (iii) a showing that such breach was the proximate cause of injury; and (iv) such injury resulted in damage to the plaintiff. See Blue Ridge Serv. Corp. v. Saxon Shoes, Inc., 271 Va. 206 (2006).

Plaintiff fails to identify a legal duty on the part of Defendant or to specify any duty that Defendant allegedly owed to him. Rather, Plaintiff merely alleges that the Defendant's conduct gave rise to the "anticipated exposure [it] discounted, in which led to the breach of [its] obligation to [him], injuring his good name and reputation..." (Second Amended Complaint, ¶ 269). This is insufficient to form the basis for a negligence claim or any other claim. To the extent that Plaintiff is alleging any injury to his person, Plaintiff's negligence claim against Defendant is barred by the Virginia's workers' compensation law. See Va. Code § 65.2-302; see also Bowling v. Wellmore Coal Corp., 114 F.3d 458 (4th Cir. 1997).

Additionally, the "injury" that Plaintiff claims resulted from Defendant's alleged actions or inactions is speculative to say the least. Such alleged injury includes injury to his "good name and reputation", "being exposed to public hatred and contempt", "disgrace", "injured in the esteem in which he has been held as an outstanding worker and community member", "severe lessening of his respectability in his employment", "influence as a productive citizen", etc. (Second Amended

9

Complaint, ¶ 271). Plaintiff fails to state any negligence claim against Defendant upon which relief may be granted, and therefore Plaintiff's negligence claim should be dismissed. See Cormier v. Atl. Law Group, 2012 U.S. Dist. LEXIS 110885, *19 (E.D. Va. Aug. 7, 2012) (dismissing plaintiff's negligence claim).

## CONCLUSION

"[A]rmed with nothing more than conclusions," Plaintiff has presented Amended Complaints that fail to state any claims for relief. Iqbal, 129 S. Ct. at 1940. Therefore, Defendant respectfully requests that the Court enter an Order dismissing this action with prejudice against Defendant.

Respectfully Submitted,

LABOR FINDERS OF VIRGINIA, INC.

By: /s/ Paul G. Klockenbrink, Esq.
      Of Counsel

Paul G. Klockenbrink (VSB No. 33032)
Lindsey A. Coley (VSB No. 75551)
GENTRY LOCKE RAKES & MOORE LLP
10 Franklin Road, SE
SunTrust Plaza, Suite 800
Roanoke. VA 24011
Tele: (540) 983-9352
Fax: (540) 983-9400
Email: klockenbrink@gentrylocke.com
Email: coley@gentrylocke.com
 *Counsel for Defendant*
 *Labor Finders of Virginia, Inc.*

20173/2/6109042v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2012, I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaints with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

**Aaron Drew Neal**
McNamee Hosea
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
Tel: (301) 441-2420
Fax: (301) 982-9450
Email: aneal@mhlawyers.com
**Counsel for Defendant:**
**Whiting-Turner Contracting Co.**

**Steven L. Higgs**
Steven L. Higgs PC
9 Franklin Rd SW
Roanoke, VA 24011
Tel: (540) 400-7990
Email: higgs@higgslawfirm.com
**Counsel for Defendant:**
**Tech Parts Express**

**Steven L. Higgs**
Steven L. Higgs PC
9 Franklin Rd SW
Roanoke, VA 24011
Tel: (540) 400-7990
Email: higgs@higgslawfirm.com
**Counsel for Defendant:**
**Quality Automotive Warehouse, Inc.**

**Aaron Turner**
Levin & Gann PA
502 Washington Ave
8th Floor
Towson, MD 21204
Tel: (410) 321-0600
Fax: (410) 296-2801
Email: aturner@levingann.com
*Appearing PRO HAC VICE*
**Counsel for Defendant:**
**Quality Automotive Warehouse, Inc.**

**Kevin D. Holden**
Jackson Lewis LLP (VA)
1021 East Cary Street
Suite 1200
Richmond, VA 23219
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: HoldenK@jacksonlewis.com
**Counsel for Defendant:**
**Factory Parts**

**Crystal Lynn Norrick**
Jackson Lewis LLP (VA)
1021 East Cary Street
Suite 1200
Richmond, VA 23219
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: crystal.norrick@jacksonlewis.com
**Counsel for Defendant:**
**Factory Parts**

20173/2/6109042v1

**David W. Hearn**
Sands Anderson Marks & Miller PC
801 E Main St
PO Box 1998
Richmond, VA 23218-1998
Tel: (804) 648-1636
Fax: (804) 783-7291
Email: dhearn@sandsanderson.com
**Counsel for Defendant:**
**Vasco, Inc.**

**David Ward Drash**
Roby Teumer Drash Kimbrell & Counts
7275 Glen Forest Drive
Suite 300
Tel: (804) 288-0873
Fax: (804) 282-7035
Email: drashd@nationwide.com
**Counsel for Defendant:**
**Abbott's Auto Service**

**Gordon Dickens**
Thomas & Libowitz, P.A.
100 Light Street
Suite 1100
Baltimore, MD 21202
Tel: (410) 752-2468
Fax: (410) 752-2046
Email: flaws@tandlaw.com
**Counsel for Defendant:**
**Hahn Automotive Warehouse, Inc. d/b/a**
**UCI-Richmond**

**Julia Ann Carolan**
Thomas & Libowitz, P.A.
100 Light Street
Suite 1100
Baltimore, MD 21202
Tel: (410) 752-2468
Fax: (410) 752-2046
Email: flaws@tandlaw.com
**Counsel for Defendant:**
**Whiting-Turner Contracting Co.**

**Daniel L. Robey**
Roby Teumer Drash Kimbrell & Counts
3975 Fair Ridge Drive
Suite 410 North
Fairfax, VA 22033
Tel: (703) 591-7150
Fax: (703) 591-7102
Email: robeyd@nationwide.com
**Counsel for Defendant:**
**Abbott's Auto Service**

**Francis Raymond Laws**
Thomas & Libowitz, P.A.
100 Light Street
Suite 1100
Baltimore, MD 21202
Tel: (410) 752-2468
Fax: (410) 752-2046
Email: flaws@tandlaw.com
**Counsel for Defendant:**
**Whiting-Turner Contracting Co.**

**Jody Maier**
Levin & Gann PA
502 Washington Ave
8th Floor
Towson, MD 21204
Tel: (410) 321-0600
Fax: (410) 296-2801
Email: aturner@levingann.com
*Appearing PRO HAC VICE*
**Counsel for Defendant:**
**Quality Automotive Warehouse, Inc.**

**Michael Andrew Viccora**
Seyfarth Shaw
975 F Street, N.W.
Suite 500
Washington, DC 20006-4004
Tel: (202) 828-3573
Fax: (202) 828-5393
Email: mviccora@seyfarth.com
**Counsel for Defendant:**
**Whiting-Turner Contracting, Inc.**

12

20173/2/6109042v1

**Neil Shantaram Talegaonkar**
Thompson McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219
Tel: (804) 698-6229
Fax: (804) 780-1813
Email: ntalegaonkar@t-mlaw.com
**Counsel for Defendant:**
**Hahn Automotive Warehouse, Inc. d/b/a**
**UCI-Richmond**

**Wende Janine Knapp**
Woods Ovlatt Gilman LLP
700 Crossroads Bldg
2 State St
Rochester, NY 14614
Tel: (585) 987-2800
Fax: (585) 987-2907
Email: wknapp@woodsovlatt.com
**Counsel for Defendant:**
**Hahn Automotive Warehouse, Inc. d/b/a**
**UCI-Richmond**

**Zachary D. Cohen**
Thompson McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219
Tel: (804) 698-6251
Fax: (804) 780-1813
Email: ntalegaonkar@t-mlaw.com
**Counsel for Defendant:**
**Hahn Automotive Warehouse, Inc. d/b/a**
**UCI-Richmond**

and I mailed a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaints to the Plaintiff, Raymond R. Henderson, *pro se*, P.O. Box 18181, Richmond, Virginia 23226, via regular U.S. mail and via electronic mail at raymondrhenderson@yahoo.com.

/s/ Paul G. Klockenbrink, Esq.
Paul G. Klockenbrink (VSB No. 33032)
GENTRY LOCKE RAKES & MOORE LLP
10 Franklin Road, SE
SunTrust Plaza, Suite 800
Roanoke. VA 24011
Tele: (540) 983-9352
Fax: (540) 983-9400
Email: klockenbrink@gentrylocke.com
*Counsel for Defendant*
*Labor Finders of Virginia, Inc.*

13

20173/2/6109042v1