IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND R. HENDERSON,

  Plaintiff,

v.                                         Case No. 3:12cv600

LABOR FINDERS OF VIRGINIA, INC., et al.

  Defendant.

## CARR CONTRACTING COMPANY, LLC'S BRIEF IN SUPPORT
## OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Carr Contracting Company, LLC ("Carr Contracting"), by counsel, states as follows in support of its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure:

## INTRODUCTION

As has already been stated by many of the co-defendants in this lawsuit, Plaintiff has filed at least three other lawsuits in this Court (against a total of 24 defendants) making similar allegations to those he makes against the thirteen named defendants in this matter. See Complaints filed by Plaintiff in Civil Action Nos. 3:11-cv-00865-JRS; 3:11-cv-00866-JRS; and 3:12-cv-244-HEH. Tellingly, all of these cases were subsequently dismissed by this Court.

Plaintiff initially filed a one-page Complaint against fourteen named defendants on September 19, 2012. Two months later, on November 19, 2012, Plaintiff filed a seventy-two page First Amended Complaint, and most recently Plaintiff filed an eighty-page Second Amended Complaint on December 33, 2012. In the Second Amended Complaint, Plaintiff attempts to allege six different claims against the Carr Contracting, namely (i) Harassment – Title VII (Second Amended Complaint, Count I); (ii) Hostile Work

1

Environment – Title VII (Second Amended Complaint, Count II); (iii) Defamation (Second Amended Complaint, Count IV); (iv) Invasion of Privacy (Second Amended Complaint, Count VII); (v) Intentional Infliction of Emotional Distress (Second Amended Complaint, Count VIII); and (vi) Negligence (Second Amended Complaint, Count IX).[1]

For the reasons stated herein, this Court should dismiss all of Plaintiffs claims against Carr Contracting because Plaintiff has failed to state any claim upon which relief can be granted.

## ARGUMENT

**I.    Standard of Review**

    **A.    Rule 12(b(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that an action may be dismissed for lack of subject matter jurisdiction. Of importance to this case, a failure to exhaust administrative remedies in a Title VII case precludes a federal court from asserting subject matter subject matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F. 3d 297, 300 (4th Cir. 2009). It is the plaintiff's burden to prove that this Court has subject matter jurisdiction over his claim. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

    **B.    Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the Complaint's legal conclusions. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). To survive a Motion to

---

[1] To the extent Plaintiff intended to set forth a claim against Carr Contracting for Assault and Battery (Count III), he has failed to allege any facts in support thereof that would give rise to vicarious liability on the part Carr Contracting, such as that one of its employee committed assault and battery while in the course and scope of employment.

Dismiss, a Complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or plaintiff's "formulaic recitation" of elements of a particular cause of action. Id. at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Accordingly, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Instead, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.

### A. Plaintiff Failed to Timely Exhaust His Administrative Remedies for His Harassment (Count I) and Hostile Work Environment (Count II) Claims under Title VII.

Under Title VII, a civil action may only be brought when administrative proceedings have ended "against the respondent named in the [administrative] charge" 42 U.S.C. § 2000e-5(f)(1); Alvarado v. Board of Trustees, 848 F. 2d 457, 458 (4th Cir. 1988). The purposes of this rule are that "[f]irst it notifies the charged party of the asserted violation, and secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, securing voluntary compliance with the law." Id. at 458-459; Kouri v. Todd, 743 F. Supp. 448, 450 (E.D. Va. 1990). While there are several exceptions to the naming requirement that have been recognized in the Fourth Circuit, none apply to the case at bar. Alvarao, 848 F.2d at 459; Kouri, 743 F. Supp. at 451.

Carr Contracting was not named by the Plaintiff, directly or indirectly, as a respondent to any EEOC claim. See Docket at 85-1. Accordingly, Carr Contracting was

3

never put on notice of any such putative claim, as required by law. See 42 U.S.C. §§ 2000e *et seq.*; Alvarado, 848 F. 2d at 458-59. Plaintiff has therefore failed to exhaust his administrative remedies against Carr Contracting as required by Title VII, and this Court accordingly lacks subject matter jurisdiction over Carr Contracting as to a claim under Title VII. See Jones, 551 F. 3d at 300 (4th Cir. 2009).

Moreover, once a right to sue letter is issued, a plaintiff has 90 days from its receipt to file a civil action. 42 U.S.C. § 2000e-5(f)(1);See also Baldwin Co. Welcome Ctr. V. Brown, 466 U.S. 147, 149 (1984); Docket No. 85-1. Here, Plaintiff's Right to Sue letter is dated May 24, 2012. See Docket #85-1. Plaintiff's initial Complaint, according to PACER, was filed on September 19, 2012, which is well beyond the 90-day limitations period proscribed by the EEOC. Accordingly, Plaintiff's Second Amended Complaint regarding his Harassment (Count I) and Hostile Work Environment (Count II) claims under Title VII are untimely and should be dismissed with prejudice.

### B. **Because this Court Has No Jurisdiction Over Plaintiff's Title VII Claims against Carr Contracting, It Does Not have Supplemental Jurisdiction Over the State Law Tort Claims Asserted Against Carr Contracting.**

Because this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims against Carr Contracting, this Court likewise lacks subject matter jurisdiction over Plaintiff's common law claims against Carr Contracting. 28 U.S.C.A. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (Emphasis added).

Only if the Court has original subject matter jurisdiction over a claim can it properly exercise supplemental subject matter jurisdiction over related state law claims. Id. Because this Court lacks original jurisdiction over of Plaintiff's Title VII claims against Carr Contracting, it cannot exercise supplemental jurisdiction over Plaintiff's state law claims against Expedited. See Arbaugh v. Y&H Corp., 546 U.S. 500, 501-502, 126 S. Ct. 1235, 1237 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the Complaint must be dismissed in its entirety."). Further, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action." Therefore, all of Plaintiff's claims against Carr Contracting should be dismissed for lack of subject matter jurisdiction.

**III.** **Plaintiff's Complaint Fails to State Any Claim Against Carr Contracting Upon Which Relief May be Granted.**

    **A.** **Plaintiff Failed to State Title VII Claims for Harassment (Count I) and Hostile Work Environment (Count II)**

It is unclear whether Plaintiff has relinquished his claims against Carr Contracting under Title VII of the Civil Rights Act of 1964  To the extent that he is still attempting to assert such a claim, it too fails. Title VII provides that "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, an employee is defined as "an individual employed by an employer." 42 U.S.C. § 200e(f). Plaintiff's Complaint is devoid of any facts or allegations supporting the notion that he was ever employed by Carr Contracting. Instead, he alleges he was employed by co-defendant, Labor Finders of Virginia, Inc. Because he makes no allegations that he was an employee of Carr Contracting, there is no basis to support any Title VII claim against Carr Contracting, and his

Harassment (Count I) and Hostile Work Environment Claims (Count II) must be dismissed with prejudice as to Carr Contracting.

**B.   Plaintiff's Defamation Claim (Count IV) is Barred by the Statute of Limitations, and Plaintiff Failed to Plead Facts to Support Such a Claim against Carr Contracting.**

Plaintiff alleges that an unnamed "Jobsite Supervisor" for Carr Contracting made defamatory statements about him at some point between April 15, 2011 and April 20, 2011. See Second Amended Complaint, Docket No. 85 at ¶ 149.1 and 150. A defamation claim must be brought within one year after the cause of action accrues. Va. Code § 8.01-247.1. As such, plaintiff's defamation claim against Carr Contracting should have been filed by April 20, 2012 at the latest. Plaintiff's initial Complaint, according to PACER, was filed on September 19, 2012, which is more than five months after the limitations period for his defamation claim ran. See Docket No. 3. Accordingly, Plaintiff's defamation claim against Carr Contracting is barred by the Statute of Limitations and should be dismissed with prejudice. Moreover, even if Plaintiff's claim was not time barred, he has failed to allege that this unnamed "Jobsite Supervisor" of Carr Contracting was acting within the scope of his employment at the time the allegedly defamatory statements were published. As such, there are no facts to support a claim against Carr Contracting for the alleged defamatory statements of any of its employees. Accordingly, Plaintiff's Defamation claim against Carr Contracting in Count IV of his Complaint must be dismissed with prejudice.

**C.   Virginia Does Not Recognize an Invasion of Privacy Claim as Alleged by Plaintiff (Count VII).**

Virginia has never recognized a common-law tort of invasion of privacy. See Bellotte v. Edwards, 388 Fed. Appx. 334, 339 (4th Cir. 2010); WJLA – TV v. Levin, 264 Va. 140, 160 (2002). Rather, Virginia law recognizes only a limited cause of action for invasion of

privacy when a defendant uses the name or picture of a plaintiff without authorization. See Va. Code § 8.01-40. Plaintiff does not allege that Defendant used the name or picture of him without authorization. Therefore, Plaintiff's invasion of privacy claim against Carr Contracting fails because Virginia has not recognized such a tort claim. Accordingly, Plaintiff's Invasion of Privacy Claim (Count VII) against Carr Contracting must be dismissed with prejudice.

### D. **Plaintiff Has Failed to State a Claim against Carr Contracting for Intentional Infliction of Emotional Distress (Count VIII).**

Under Virginia law, the tort of intentional infliction of emotional distress requires that a plaintiff prove (i) that the wrongdoer's conduct was intentional or reckless; (ii) that the conduct was outrageous and intolerable; (iii) that there was a causal connection between the wrongdoer's conduct and the emotional distress; and (iv) that the emotional distress was severe. See Harris v.Kreutzer, 271 Va. 188, 203 (2006). Because of the risks inherent in torts where injury to the mind or emotions is claimed, such torts are not favored in the law. Mason v. Wyeth, Inc., 183 Fed. Appx.353, 364 (4th Cir. 2006) (citing Ruth v. Fletcher, 237 Va. 366, 377 (1989). Indeed, in establishing the requisite outrageousness of the conduct, it is not enough to show that the defendant acted with an intent which is tortious or even criminal. Id. Rather, liability may only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded at atrocious, and utterly intolerable in a civilized community. Id. (affirming summary judgment for defendant because "inappropriate" conduct such as pinching, poking, making hissing noises and placing a toy rat where the plaintiff would encounter it fell short of outrageous and atrocious behavior necessary to pursue a claim for intentional infliction of emotional distress).

7

Plaintiff alleges only nonspecific events involving Carr Contracting's "Jobsite Supervisor". He has not alleged that the acts of the "Jobsite Supervisor" were carried out within the course and scope of his employment such that Carr Contracting should be held vicariously liable. That reason alone is sufficient for Count VIII to be dismissed. Moreover, name calling or failing to intervene while others are engaging in behavior the Plaintiff thought was inappropriate does not rise to level of outrageous and atrocious behavior such that a claim for intention infliction of emotional distress should lie. Accordingly, Count VIII of Plaintiff's Complaint must be dismissed with prejudice as to Carr Contracting.

E. **Plaintiff Has Failed to State a Claim against Carr Contracting for Negligence (Count IX).**

Under Virginia law, the elements of a negligence cause of action are (i) a legal duty on the part of the defendant; (ii) breach of that duty; (iii) a showing that such breach was the proximate cause of injury; and (iv) such injury resulted in damage to the plaintiff. See Blue Ridge Serv. Com. v. Saxon Shoes, Inc., 271 Va. 206, 218 (2006).

Plaintiff fails to identify or specify any duty that Carr Contracting allegedly owed to him. Rather, Plaintiff merely alleges that the Carr Contracting's conduct gave rise to the "anticipated exposure [it] discounted, in which led to the breach of [its] obligation to [him], injuring his good name and reputation . . ." See Second Amended Complaint, ¶ 269. This is insufficient to form the basis for a negligence claim or any other claim. Moreover, Plaintiff has again failed to allege that any action or inaction on the party of the Carr Contracting "Jobsite Supervisor" was done within the course and scope of his employment such that Carr Contracting should be held vicariously liable. Accordingly, Count IX of Plaintiff's Complaint should be dismissed with prejudice as to Carr Contracting, Inc.

## CONCLUSION

For the foregoing reasons, this Court should grant Carr Contracting Company LLC's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

**CARR CONTRACTING COMPANY, LLC**

By Counsel

/s/ M. Scott Fisher, Jr.
M. Scott Fisher, Jr.
VSB No. 78485
Attorney for Carr Contracting Company, LLC
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
sfisher@hccw.com

## C E R T I F I C A T E

I hereby certify that on the 21st day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Paul G. Klockenbrink, Esq.
> Gentry Locke Rakes & Moore
> P.O. Box 40013
> Roanoke, VA 24022-0013
>
> Michael A. Viccora, Esq.
> SEY FARTH SHAW, LLP
> 975 F. Street, NW
> Washington, DC 20004
>
> Steven L. Higgs, Esq.
> STEVEN L. HIGGS, PC
> 9 Franklin Road, N.W.
> Roanoke, VA 24011
>
> Kevin D. Holden, Esq.
> Jackson Lewis

Two James Center
1021 East Cary Street, Suite 1200
Richmond, VA 23219

Gordon S. Dickens, Esq.
Woods Oviatt Gilman, LLP
700 Crossroads Building
2 State Street
Rochester, NY 14624

Neil Shantaram Talegaonkar, Esq.
Thompson McMullan PC
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219-4140

Aaron D. Neal, Esq.
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

David W. Drash, Esq.
Robey, Teumer, Drash, Kimbrell & Counts
7275 Glen Forest Drive, Suite 300
Richmond, VA 23226

Julia Ann Carolan, Esq.
Thomas & Libowitz PA
100 Light Street, Suite 1100
Baltimore, MD 21202

Zachary Daniel Cohen, Esq.
Thompson McMullan PC
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219-4140

David W. Hearn, Esq.
Sands Anderson
P. O. Box 1998
Richmond, VA 23219-1998

Wende Janine Knapp, Esq.
Woods Oviatt Gilman, LLP
700 Crossroads Building
2 State Street
Rochester, NY 14624

Francis Raymond Laws, Esq.
Thomas & Libowitz PA
100 Light Street, Suite 1100
Baltimore, MD 21202

Jody Maier, Esq.
LEVIN & GANN, P.A.
502 Washington Avenue, 8th Floor
Townson, MD 21204

Crystal L. Norrick, Esq.
Jackson Lewis LLP
1021 East Cary Street, Suite 1200
Richmond, VA 23219

Aaron J. Turner, Esq.
LEVIN & GANN, P.A.
502 Washington Avenue, 8th Floor
Townson, MD 21204

Justin W. Ward, Esq.
Sands Anderson Marks & Miller
P.O. Box 1998
Richmond, VA 23218-1998

Sarah Warren S. Beverly, Esq.
Sands Anderson
P. O. Box 1998
Richmond, VA 23219-1998

Sarah Warren S. Beverly, Esq.
Sands Anderson
P. O. Box 1998
Richmond, VA 23219-1998

Lindsey Coley, Esq.
Gentry Locke Rakes & Moore
P.O. Box 40013
Roanoke, VA 24022-0013

Eric J. Janson, Esq.
SEY FARTH SHAW, LLP
975 F. Street, NW
Washington, DC 20004

and I hereby certify that I have mailed by United States Postal Service the document to the following:

    Raymond R. Henderson
    P.O. Box 18181
    Richmond, VA 23226

    /s/ M. Scott Fisher, Jr.
    M. Scott Fisher, Jr.
    VSB No. 78485
    Attorney for Carr Contracting Company, LLC
    Harman, Claytor, Corrigan & Wellman
    P.O. Box 70280
    Richmond, Virginia 23255
    (804) 747-5200
    (804) 747-6085 – facsimile
    sfisher@hccw.com